IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

RICHARD MCDONALD,

    Petitioner-Defendant,

v.                                           Civil Action No. 1:13-cv-229
                                            Criminal Action No. 1:10-cr-90
                                            (Judge Keeley)

UNITED STATES OF AMERICA,

    Respondent-Plaintiff,

## REPORT AND RECOMMENDATION/OPINION

### I. INTRODUCTION

On October 11, 2013, Richard McDonald ("Petitioner"), proceeding *pro se*, filed a Motion Under 26 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 1:13-cv-229, ECF No. 1; Criminal Action No. 1:10-cr-90, ECF No. 79).[1] Petitioner filed his Motion Under § 2255 on the Court Approved Form on October 25, 2013. (ECF No. 88). On November 25, 2013, the Government filed a motion for an extension of time to file its response, which Judge Siebert granted on November 26, 2013. (ECF No. 94, 95). The Government filed its response on December 2, 2013. (ECF No. 97). Petitioner filed a reply on January 3, 2014. (ECF No. 98).

The undersigned now issues this Report and Recommendation on Petitioner's motion without holding an evidentiary hearing. For the reasons stated

---

[1] From this point forward, unless otherwise noted, all docket entries refer to filings in Criminal Action No. 1:10-cr-90.

1

below, the undersigned recommends that the District Judge deny and dismiss Petitioner's motion.

## II. FACTS

### A. *Conviction and Sentence*

On November 4, 2010, the Grand Jury returned a five-count Indictment against Petitioner. (ECF No. 1). The Indictment charged Petitioner with one count of conspiracy to possess with intent to distribute and to distribute fifty (50) grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii); two counts of distribution of crack in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); one count of distribution of crack and cocaine hydrochloride ("coke") in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and one count of distribution of coke in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (ECF No. 1). Petitioner appeared before United States Magistrate Judge Kaull for an initial appearance and arraignment on December 9, 2010, at which time he entered a plea of "Not Guilty" to the Indictment. (ECF No. 8). On February 9, 2011, following a jury trial, Petitioner was found guilty of the charge contained in Count One of the Indictment, with an answer to the special interrogatory of less than five (5) grams of cocaine base, and found guilty of the charges in Counts Two through Five. (ECF No. 32). On April 8, 2011, Petitioner wrote a letter to United States District Judge Irene M. Keeley, alleging ineffective assistance of counsel regarding L. Richard Walker, Federal Public Defender, which Judge Keeley ordered to be filed as a *pro se* motion. (ECF No. 38). Judge

Keeley granted Petitioner's motion on May 31, 2011, and appointed Stephen Herndon as substitute counsel. (ECF No. 48). On May 18, 2012, Petitioner appeared before Judge Keeley for sentencing. Judge Keeley sentenced Petitioner to 121 months of incarceration for Count One of the Indictment and 121 months of incarceration for Counts Two through Five, to be served concurrently. (ECF No. 65). Judge Keeley further sentenced Petitioner to six (6) years of supervised release for Count One, to be served concurrently with six (6) years of supervised release for Counts Two through Five. (ECF No. 65).

### B. *Direct Appeal*

Petitioner, through counsel, filed a notice of appeal on May 29, 2012. (ECF No. 69). On appeal, Petitioner challenged the district court's drug-quantity determination used for sentencing. United States v. McDonald, 2012 WL 3962526 (C.A.4) (Appellant's Brief at 2). The panel concluded that district court's determinations and explanations were sufficient and contained no clear error or abuse of discretion. (ECF No. 76 at 3-4). Accordingly, the Fourth Circuit affirmed Petitioner's conviction and sentence. (Id.).

### C. *Federal Habeas Corpus*

#### i. **Petitioner's Motion**

In his motion, Petitioner asserts the following claims:

1. Counsel was ineffective for not arguing that the elements of conspiracy were not established and for not arguing that the jury received proper instructions.

2. Counsel was ineffective for not objecting to or raising on appeal that the sentencing judge improperly increased the drug quantity determined by the jury.

3

3. Counsel was ineffective for failing to directly examine and cross-examine the investigating officer and for not objecting to the investigating officer being allowed to sit with the prosecution for the length of the trial.

4. Counsel was ineffective for failing to object and challenge the jury selection process, which resulted in an all-white jury.

(ECF No. 88 at 5-9).

### ii. Government's Response

In its response, the Government asserts the following:

1. The evidence was sufficient to establish a conspiracy beyond a reasonable doubt, and counsel was not ineffective for failing to object to the instruction.

2. Petitioner raised the sentencing and drug quantity issue on appeal to the Fourth Circuit and cannot relitigate in a § 2255 motion.

3. Counsel was not ineffective for failing to challenge the chain of custody of the drugs, and Federal Rules of Evidence 615 does not require the Government to file a motion to exempt the case agent from being sequestered during the presentation of evidence.

4. Petitioner cannot show a *prima facie* case of discrimination in the jury selection process.

(ECF No. 97 at 4-8). Additionally, the Government alleges that Petitioner has "procedurally defaulted" the litigation of Claims One, Three, and Four because he failed to raise these issues on direct appeal. (ECF No. 97 at 3).

### iii. Petitioner's Reply to Government's Response

In his reply, Petitioner further argues the following claims:

1. Trial counsel was ineffective for not requesting a specific jury instruction regarding the "buyer-seller" relationship and the elements involved.

2. Appellate counsel was ineffective for not challenging the sufficiency of the evidence for a charge of conspiracy.

4

(ECF No. 98 at 2-5).

## III. ANALYSIS

### A. Procedurally Barred Claims

#### i. Standard Governing Claims not Brought on Direct Appeal

"[A] final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Therefore, the failure to raise a claim on direct appeal may result in a procedural default barring collateral review. Bousley v. United States, 523 U.S. 614 (1998).

"In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-493 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. Actual prejudice is then shown by demonstrating that the error worked to petitioners' "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

"In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual

innocence by clear and convincing evidence." Mikalajunas,186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." Id. at 494. The petitioner must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298 (1995).

In this case, grounds one, three, and four should have been raised on direct appeal and are now procedurally defaulted unless Petitioner can show cause and prejudice for the default. In his memorandum in support of his petition, Petitioner asserts that he received ineffective assistance of counsel. (ECF No. 90 at 3). Petitioner specifically claims that both Trial and Appellate Counsels' failure to raise these issues "created a manifestation of miscarriage of justice." (ECF No. 90 at 12).

Although he does not explicitly say so, Petitioner appears to assert that his procedural default should be excused because of counsel's alleged ineffectiveness in raising the claims he now asserts. However, the Supreme Court has held that "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Smith v. Murray, 477 U.S. 527, 535 (1986) (citation and internal quotation marks omitted). Accordingly, Petitioner has failed to demonstrate cause for his procedural default. Furthermore, Petitioner cannot demonstrate actual innocence to excuse his procedural default.

Nevertheless, the undersigned has considered Petitioner's claims on their merits below.

### ii. Standard Governing Claims Raised and Rejected on Direct Appeal

It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Constitutional errors that were capable of being raised on direct appeal, but were not, may be raised in a § 2255 motion so long as the petitioner demonstrates "cause" that excuses his procedural default and "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

Here, Petitioner, through Counsel, raised ground two on direct appeal to the United States Court of Appeals for the Fourth Circuit: that the trial court erred in not giving substantial or controlling weight to the jury's drug weight determination. United States v. McDonald, 2012 WL 3962526 (C.A.4) (Appellant's Brief at 2). However, in an effort to avoid rejection of this issue as previously litigated, Petitioner attempts to couch this claim as ineffective assistance of counsel. (ECF No. 90 at 6-7). Despite the Government assertions this issue has been previously raised and rejected on direct appeal and cannot

be relitigated herein, the undersigned has considered Petitioner's claim on its merits below.

### B. Standard Governing Claims of Ineffective Assistance of Counsel

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." Id. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. These two prongs are commonly referred to as the "performance" and "prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland, 466 U.S. at 687. However, a reviewing court does not "grade" trial counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time.'" Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002). Furthermore, the standard of reasonableness is objective, not subjective. See Strickland, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. Id. At 691. The Fourth Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297.

The standard of effective assistance of appellate counsel is the same as for trial counsel. See Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) ("In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness in light of the prevailing norms, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.") (internal citations and quotations omitted). On review, however, appellate counsel is accorded the "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). Moreover, "[c]ounsel is not obligated to assert all nonfrivilous issues on appeal. Bell v. Jarvis, 236 F.3d at 164. Instead, "[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." Jones v. Barnes, 463 U.S. 745, 752 (1983); see also Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989). "Indeed, winnowing out weaker

arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the landmark of effective advocacy." Bell v. Jarvis, 236 F.3d at 164 (quoting Smith v. Murray, 477 U.S. 527, 536 (1986) (internal quotations omitted). However, although it is "still possible to bring a Strickland claim based on counsel's failure to raise a particular claim" on direct appeal, demonstrating that counsel was incompetent for failing to do so will be difficult. Smith v. Robbins, 528 U.S. 259, 288 (2000). "Generally only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986).

### i. Petitioner's claim of ineffective assistance of counsel regarding the elements of conspiracy and proper jury instruction are without merit and should be dismissed.

As his first claim, Petitioner contends that defense and appellate counsels were ineffective because he "failed to object to, mitigate, and raise on direct appeal" that the elements of conspiracy were not met and that the proper jury instruction was not given. (ECF No. 90 at 3). Petitioner asserts that the Government's informants cannot be a part of the conspiracy, since they received benefits and immunity in exchange for their testimony. (Id. at 6). Additionally, Petitioner states that the proper jury instruction addressing the informants was not given and should have been requested by trial counsel. (Id.). Further, in Petitioner's reply to the Government, Petitioner alleges that had the jury been given instruction on the "buyer-seller" transaction, he would not have been found guilty of conspiracy. (ECF No. 98 at 5).

First, the undersigned notes that the instructions directed to the jury did include the "informant instruction." (ECF No. 34 at 18). The instruction notes that a conspiracy is not established when the defendant's actions are only with a Government informant. (Id.). In fact, the jury instruction specifically mentions one of the Government's witnesses and clearly states that that witness[2] is not a "true conspirator." (Id.). Petitioner's claim appears to be facially inaccurate, as the instructions given to the jury were more than sufficient to explain the elements and identified the Government witness as not being a party to the conspiracy.

Next, Petitioner's claim of insufficient evidence to establish a conspiracy is without merit. The Government presented eye-witness testimony of drug transactions between Petitioner and an individual (ECF No. 59 at 21:24), who then sold the cocaine to another eye-witness. (Id. at 20:19-21:3). The Government offered further testimony from an eye-witness, who stated that he had distributed cocaine and cocaine base for Petitioner before assisting the Drug Task Force with its investigation. (Id. at 73:4-20). The fact that this witness later became a government informant did not extinguish the conspiracy, so long as other co-conspirators remained. United States v. Chase, 373 F.2d 453, 459 (4th Cir. 1967). Thus, the undersigned finds Petitioner has failed to demonstrate the insufficiency of the evidence in support of his conviction.

Accordingly, Petitioner has failed to show how Counsel's performance was deficient, and, therefore, he cannot show how his defense was prejudiced. Thus,

---

[2] To protect the identity of non-party witnesses, the name of the witness contained in the instruction is not included herein.

Petitioner's claim of ineffective assistance of counsel as to this issue is without merit. As such, the undersigned recommends dismissing Petitioner's claim.

### ii. Petitioner's claim of ineffective assistance of counsel regarding sentencing and drug-quantity issues are without merit and should be denied and dismissed.

As his second claim, Petitioner alleges that defense and appellate counsels were ineffective for failing to "object to, mitigate, and raise on direct appeal the unauthorized drug amount determination by the sentencing judge." (ECF No. 88 at 6). The jury returned a guilty verdict on Count One of the Indictment and answered the special interrogatory posed to them on the finding of guilty: that the conspiracy involved, beyond a reasonable doubt, "[l]ess than five (5) grams of cocaine base or a mixture or substance which contains a detectable amount of cocaine base." (ECF No. 32 at 3). Petitioner alleges that the sentencing judge's departure from that finding and counsel's failure to argue against the departure violated his "Fifth and Sixth Amendment rights." (ECF No. 90 at 6). Further, Petitioner claims that "[a]ny element sentencing factors that increase a sentence is for the jury to decide . . . and not by a preponderance of the evidence by a judge." (Id. at 7).

Here, the jury's finding of guilty in Count One, involving less than five (5) grams of cocaine base, established the maximum statutory penalty of thirty years incarceration. (21 U.S.C. §§ 846, 841(b)(1)(C), 851). Additionally, Petitioner's base offense level for this sentencing was thirty-two (32); his criminal history category was III. (ECF No. 75 at 31:24-25; ECF No. 68 at 9:51; 12:59). Petitioner received a two level reduction at sentencing for the acceptance of responsibility.

(ECF No. 75 at 40:6). With an adjusted base offense level of thirty (30) and a criminal history category of III, the United States Sentencing Guidelines recommend a sentence of 121-151 months incarceration, well below the thirty (30) year statutory maximum. U.S. SENTENCING GUIDELINES MANUAL § 5A (U.S. SENTENCING COMM'N 2014. Further, Petitioner admitted, through counsel, that he was guilty of all counts of the Indictment and that he was guilty of a drug quantity greater than the jury found, though arguably less than the amount estimated by the Government's witness. (ECF No. 75 at 39:5-13). Judge Keeley sentenced Petitioner to concurrent 121 month sentences, at the low end of the guidelines and well below the statutory maximum. (ECF No. 75 at 46:23).

Further, Counsel noted his objections prior to the sentencing hearing, which were then litigated. (ECF No. 64). Additionally, Counsel noted that he could not put forth a "good faith" argument in support of the jury findings; rather, only that the drug quantity was less than the Government's witness's estimates. (ECF No. 75 at 5). Furthermore, appellate counsel *did* raise this issue on direct appeal, so counsel could not be deemed ineffective for not raising the issue. United States v. McDonald, 2012 WL 3962526 (C.A.4) (Appellant's Brief at 2). Finally, the Fourth Circuit noted that Petitioner's argument on drug weight was foreclosed because the amounts were established by the trial court by a preponderance of the evidence. (ECF No. 76 at 2). Since Petitioner cannot establish deficient performance and prejudice, his claims as to this issue are without merit. Thus, the undersigned finds that Petitioner's second claim of ineffective assistance of counsel at sentencing should be dismissed.

### iii. Petitioner's claim of ineffective assistance of counsel for failing to challenge the chain of custody or the allowing of the investigating agent to sit at the prosecution's table is without merit and should be dismissed.

As his third claim for relief, Petitioner contends that defense and appellate counsels were ineffective for failing to challenge or argue that Officer Link, the investigating officer, submitted "contaminated drugs" and in an untimely fashion. (ECF No. 90 at 7). Further, Petitioner contends that he was prejudiced by Counsel's inaction in allowing Officer Link to sit at the Government's table during trial. (Id.). Specifically, Petitioner asserts that the Government never filed a "615(2) motion" to request that Officer Link sit at the Government's table or "properly notified defense counsel as to government's intent to have Officer Link be the investigating officer of the case . . . ." (Id. at 9:(b)). Petitioner states that the Government acted deliberately to "prevent defense counsel from calling Officer Link to testify concerning the chain of custody of the alleged drugs seized . . . ." (Id.).

First, Petitioner has failed to provide any evidence that might support his claim of "contaminated drugs." Petitioner's "Exhibit A" does not detail anything that may establish doubt in the proper handling of the evidence. (ECF No. 79-1). Rather, Petitioner's exhibit shows the forms utilized by the West Virginia State Police Bureau of Criminal Investigation in his case, which detail aspects of the drug transactions, laboratory case submission forms, and the results from the laboratory analyses. (Id.). Further, an officer involved with the case testified in court that the samples had not been tampered with or altered. (ECF No. 59 at 184:16-18; 185:14-16).

Next, Officer Link did not need to testify at trial as to the chain of custody. "[T]he ultimate question is whether the authentication testimony was sufficiently complete so as to convince the court that it is improbable that the original item had been exchanged with another or otherwise tampered with." United States v. Howard-Arias, 679 F.2d 363, 366 (4th Cir. 1982) (citing United States v. Brewer, 630 F.2d 795 (10th Cir. 1980). Here, the testimony presented was sufficiently complete that the evidence had not been tampered with, exchanged, or altered. (ECF No. 59 at 184:16-18; 185:14-16).

As for the second part of Petitioner's claim, Rule 615 of the Federal Rules of Evidence stipulates, in pertinent part:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding: (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney.

(Fed. R. Evid. 615). The 1974 Enactment to Rule 615 addresses the issue of having the case agent at counsel table:

> This problem is solved if it is clear that investigative agents are within the group specified under the second exception made in the rule, for 'an officer or employee of a party which is not a natural person designated as its representative by its attorney.' It is our understanding that this was the intention of the House committee. It is certainly this committee's construction of the rule.

1974 U.S.C.C.A.N. 7051, 7073. Thus, Rule 615 exempts the investigating agent from being sequestered.

Accordingly, Petitioner has failed to show how Counsel's performance related to these issues was deficient, and, therefore, he cannot show how his defense was prejudiced. Thus, Petitioner's claim of ineffective assistance of

counsel is without merit as to this claim. As such, the undersigned recommends dismissing Petitioner's claim.

> iv. **Petitioner's claim that Counsel was ineffective for failing to object or challenge the jury selection process is without merit and should be dismissed.**

As his fourth and final claim, Petitioner alleges that defense and appellate counsels were ineffective for not "object[ing] to, mitigat[ing], or rais[ing]" on appeal the jury selection process that resulted in an "all white" jury. (ECF No. 90 at 10). Petitioner, a black male, contends that he did not receive a fair trial "due to the exclusion of negros [sic] from the pooling selection." (Id.). Finally, Petitioner states that being "indicted and found guilty by an all white jury" deprived him of his due process rights and equal protection. (Id. at 11).

"The Sixth Amendment secures to criminal defendants the right to be tried by an impartial jury drawn from sources reflecting a fair cross section of the community." Berghuis v. Smith, 559 U.S. 314, 319 (2010). To establish a *prima facie* violation of this requirement, a defendant must show:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

Duren v. Missouri, 439 U.S. 357, 364 (1979).

The United States District Court for the Northern District of West Virginia has instituted its "Plan Prescribing Method for the Composition of Jury Wheels and the Qualification and Random Selection of Grand and Petit Jurors" ("the Plan"), in compliance with 28 U.S.C. § 1863. The Plan's purpose is to guarantee

that "all litigants entitled to a trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the counties comprising the divisions wherein the Court is convened." Plan, § 1.02. Under the Plan, prospective jurors are randomly chosen from a master list of individuals registered to vote in the counties within the division and individuals who are listed as licensed drivers by the state's Division of Motor Vehicles. Plan, § 2.03.

The undersigned finds that African-Americans are a "distinctive" group within the community. See Wheeler v. United States, Nos. 3:10cv13, 3:07cr70-3, 2011 WL 2491376, at *19 (N.D. W. Va. Apr. 25, 2011).

However, Petitioner simply has not presented any evidence, and the undersigned has not found any evidence contained in the record, that satisfies the second and third prongs of the Duren test. Specifically, Petitioner has neither established that African-Americans are not fairly and reasonably represented in the jury venire, nor has he established that the procedures implemented by the Plan "systematically" exclude African-Americans from the juror selection process in this district. Given this, the undersigned finds that counsel was not ineffective for failing to challenge the composition of Petitioner's petit jury under Duren. See Wheeler, 2011 WL 2491376, at *18-20 (finding same); Morgan v. United States, Nos. 5:08cv170, 5:05cr42-1, 2010 WL 3489340, at *6 (N.D. W. Va. Aug. 31, 2010) (finding same). Accordingly, the undersigned recommends dismissing Petitioner's claim as to this issue.

> **v. Petitioner's claims that appellate counsel was ineffective in regards to the foregoing claims are without and merit and should be dismissed.**

As noted above, Petitioner also claims that appellate counsel was ineffective for failing "to object to, mitigate, and raise on direct appeal" the foregoing issues. (ECF No. 88 at 5-6, 8, 10). First, appellate counsel did raise the substantive issue in Petitioner's second claim on appeal, so he cannot be deemed ineffective for failing to raise the issue. Further, given that trial counsel was not ineffective for failing to raise the remaining issues at trial, it must follow that Petitioner's remaining claims of ineffective assistance of appellate counsel must fail as well. It is apparent that counsel "winnow[ed] out weaker arguments on appeal and focus[ed] on those more likely to prevail." Bell, 236 F.3d at 164. This is not a situation where the alleged ignored issues were clearly stronger than those presented for appellate review, sufficient to overcome the presumption of effective assistance of appellate counsel. Accordingly, the undersigned recommends dismissing Petitioner's claims regarding the ineffective assistance of appellate counsel.

## IV.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 1:13-cv-229, ECF No. 1; Criminal Action No. 1:10-cr-90, ECF No. 79) be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and

the basis for such objections.  A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy of this Report and Recommendation by certified mail, return receipt requested, to the *pro se* Petitioner Richard McDonald

DATED: July 29, 2015

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE